UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G & G CLOSED-CIRCUIT EVENTS, LLC,

    Plaintiff,

v.                                    Case No. 14-12982

MACEDONIAN ENTERPRISES, INC.
D/B/A JB'S NIGHTCLUB AND JAMES
BROWN, Jointly and Severally,

    Defendants.
_____/

**ORDER DENYING MOTION TO STRIKE ANSWER TO COMPLAINT AND
CONSTRUING RESPONSE TO THE ALLEGATIONS AS AN ANSWER
ON BEHALF OF DEFENDANT JAMES BROWN**

      On July 30, 2014, Plaintiff G & G Closed-Circuit Events, LLC filed a complaint against Defendants Macedonian Enterprises, Inc. ("Macedonian") and James D. Brown, seeking damages for (1) unauthorized publication or use of communications in violation of 47 U.S.C. § 605 *et seq.,* (2) unauthorized interceptions, receptions, publications, divulgence, display, and/or exhibition of a television program in violation of 47 U.S.C. § 553 *et seq.*, and (3) common law conversion. (Dkt. # 1, Pg. ID 1-8.)  After being served with the Summons and Complaint, Brown sent a letter to Plaintiff's counsel dated September 30, 2014.  (Dkt. # 6.)  Plaintiff's counsel forwarded the letter to the Clerk of the Court, and the letter was entered on the docket on October 10, 2014 as "Response to the Allegations." (*Id.*)  The letter responds to some of the allegations contained in the complaint—for example, it denies the existence of certain entities mentioned in the complaint and states that Brown's bar never special ordered a "fight night" television program.  (Dkt. # 6, Pg. ID 19.)

Now before the court is Plaintiff's Motion to Strike Answer to Complaint, which argues that the court should strike the Response to Allegations because it does not comply with the Federal Rules of Civil Procedure 5(d)(2), 10(a) and 10(b), Eastern District of Michigan Local Rule 5.1(a)(1),and Sixth Circuit precedent prohibiting corporations from representation by nonlawyers. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). (Dkt. # 7, Pg. ID 23-30.)

Federal Rule of Civil Procedure 1 provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Consistent with this directive, *pro se* pleadings "are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Rule 5(d)(2) requires that "[a] paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing." Fed. R. Civ. P. 5(d)(2).  Here, Brown sent the Response to Plaintiff's counsel who, in turn, delivered it to the clerk.  Because the responsive pleading was ultimately delivered to the clerk, the court finds the filing consistent with a liberal construction of Rule 5(d)(2).

Rule 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation," and Rule 10(b) provides that "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a), (b).  Additionally, Eastern District of Michigan Local Rule 5.1(a)(1) provides that all filings must include the name of the court, the title and number of the case, the name of the paper, the name of

2

the district judge, and the contact information of the attorney or *pro se* party. E.D. Mich. L. R. 5.1(a)(1). The Response does not contain a caption or all of the information required under Local Rule 5.1(a)(1). However, it is clear that the letter was in response to Plaintiff's complaint in the instant case, as evidenced by Plaintiff's concession that "Plaintiff's Counsel construed this letter to be an Answer to the Complaint, and forwarded it to the Court Clerk." (Dkt. # 7, Pg. ID 24.) Second, the Response is approximately one full page and is broken into short, clear paragraphs. Five of these paragraphs offer substantive responses to Plaintiff's complaint. Although these paragraphs are not numbered, as required under Rule 10(b), the lack of numbers does no perceivable harm to the clarity of the letter. While the Response did not contain all of the information or formatting required under the Federal Rules and local rules, the required information was readily apparent to both Plaintiff and the court. Accordingly, the court finds that the *pro se* Response sufficiently complies with a liberal construction of Rules 10(a) and (b) and E.D. Mich. L. R. 5.1(a)(1).

Brown's letter begins, "This is in response to the allegations against me as an individual and also my company." (Dkt. # 6, Pg. ID 19.) Under Sixth Circuit precedent, "a corporation cannot appear in federal court except through an attorney." *Doherty*, 728 F.2d at 340 (citing *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1989)). Brown has not entered an appearance as counsel for Macedonian, and there is nothing in the record suggesting that Brown is an attorney. Because Brown is not Macedonian's counsel, he may not file an Answer on the corporation's behalf in federal court. The court will, therefore,

construe the Response to the Allegations as an Answer to Plaintiff's complaint on behalf of Brown, but not on behalf of Macedonian. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike Answer to Complaint (Dkt. # 7) is DENIED.

IT IS FURTHER ORDERED that the Response to the Allegations (Dkt. # 6) is construed as an Answer on behalf of James Brown. Furthermore, the Response to the Allegations (Dkt. # 6) is not construed as an Answer on behalf of Macedonian Enterprises, Inc.

     s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 3, 2015, by electronic and/or ordinary mail.

     s/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522