# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

G AND G CLOSED-CIRCUIT EVENTS, LLC,

    Plaintiff,

v.                                          Case No. 14-12982

MACEDONIAN ENTERPRISES, INC. AND
JAMES D. BROWN,

    Defendants.
                                    /

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On July 30, 2014, Plaintiff G and G Closed-Circuit Events, LLC initiated a suit against Defendants Macedonian Enterprises, Inc. and James D. Brown asserting that Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited a television program—the Austin Trout v. Saul Alvarez Fight (the "Program")—on April 20, 2013, in violation of (1) the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, (2) the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.*, and (3) common law conversion. (Dkt. # 1.) Brown filed an answer, purportedly on behalf of both defendants. (Dkt. # 6.) Plaintiff filed a motion to strike the response, which the court granted with respect to Macedonian Enterprises but denied with respect to Brown. (Dkt. # 8.) The Clerk of the Court entered a default against Macedondian Enterprises on February 5, 2015. (Dkt. # 10.)

Now before the court is Plaintiff's Motion for Entry of Default Judgment Against Macedonian Enterprises (Dkt. # 11).[1] The court held a hearing on the motion on May 21,

---

[1] Plaintiff's Motion for Summary Judgment as to James D. Brown is also pending. (Dkt. # 12.) The court will consider this motion in a separate opinion.

2015. Macedonian Enterprises did not respond to Plaintiff's motion, nor did it appear at the hearing.

"Pursuant to Federal Rule of Civil Procedure 55(b)[,] a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action." *J&J Sports Prods., Inc. v. Matti*, No. 13-13963, 2015 WL 143932, at *2 (E.D. Mich. Jan. 12, 2015). The clerk entered a default as to Macedonian Enterprises and Plaintiff's well-pleaded allegations support a finding of liability as to the asserted claims; therefore, pursuant to Rule 55(b), the court will enter a judgment of default against Macedonian Enterprises.

Having determined that judgment by default should be entered, the court must next consider the proper damages award. Wright & Miller, 10A Federal Practice & Procedure § 2688 (3d ed. 1998). "When a defendant is liable under both 47 U.S.C. § 553 and 47 U.S.C. § 605, the plaintiff can only recover under one section." *J&J Sports Prods., Inc. v. Stanley*, No. 12-14093, 2014 WL 2763635, at *3 (E.D. Mich. June 18, 2014). Plaintiff has requested to recover statutory damages under § 605. (Dkt. # 11, Pg. ID 50.) For each violation of § 605(a), Plaintiff may receive statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). "In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation . . . ." 47 U.S.C. § 605(e)(3)(C)(ii).

At the hearing, Plaintiff stated that, while Macedonian Enterprises' violation of § 605 was willful, it did not warrant the statutory damages enhancement because this

2

was Macedonian Enterprises' first violation of § 605.  Rather, Plaintiff requested damages in the amount of $3,600.  In calculating an appropriate statutory damages award, the court "should take into account the proportionality between the loss suffered by the plaintiff and the profit gained by the defendant."  *J & J Sports Prods., Inc. v. Matti*, No. 13-13963, 2015 WL 143932 (E.D. Mich. Jan. 29, 2015) (citation omitted).  Taking into consideration both of those factors, the court finds a damages award of $3,600 to be proper.

Were Defendants to have purchased the Program lawfully, it would have cost $1,200.  (Dkt. # 11-10, Pg. ID 107.)  Plaintiff's investigator reported that she observed five televisions airing the Program and as many as 37 patrons in Defendants' bar on the evening of April 20, 2013.  (Dkt. # 11-8, Pg. ID 102-03.)  Given that Defendants' bar was a business establishment, the court infers that the purpose of displaying the Program was to increase the population in the bar and, therefore, increase sales and profit. The requested $3,600 damages award is three times as much as the Program would have cost.  In light of Plaintiff's lost profits, the additional efforts Plaintiff had to take in light of Macedonian Enterprise's violation of § 605, Macedonian Enterprise's potential financial gain from unlawfully displaying the Program, and Macedonian Enterprise's apparently willful violation of § 605, the court concludes that such an award is proper and proportional.

Additionally, 47 U.S.C. § 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  Plaintiff requests attorneys' fees and costs in the amount of $3,143.70 and has submitted an itemized invoice of the fees and costs. (Dkt. # 11-11, Pg.

ID 108-11.)  The court finds that the requested fees and costs satisfy §
605(e)(3)(B)(iii).

For the reasons stated on the record at the May 21, 2015 hearing and stated above,

IT IS ORDERED that Plaintiff's Motion for Entry of Default Judgment Against Macedonian Enterprises (Dkt. # 11).

IT IS FURTHER ORDERED that Plaintiff shall be awarded damages in the amount of $3,600 and attorneys' fees and costs in the amount of $3,143.70.

                        s/Robert H. Cleland
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2015, by electronic and/or ordinary mail.

                        s/Lisa G. Wagner
                        Case Manager and Deputy Clerk
                        (313) 234-5522