## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

G AND G CLOSED-CIRCUIT EVENTS, LLC,

       Plaintiff,

v.                                                                            Case No. 14-12982

MACEDONIAN ENTERPRISES, INC. AND
JAMES D. BROWN,

       Defendants.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On July 30, 2014, Plaintiff G and G Closed-Circuit Events, LLC initiated a suit against Defendants Macedonian Enterprises, Inc. and James D. Brown asserting that Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited a television program—the Austin Trout v. Saul Alvarez Fight (the "Program")—on April 20, 2013, in violation of (1) the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, (2) the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.*, and (3) common law conversion. (Dkt. # 1.) Brown filed a response, purportedly on behalf of both defendants.[1]  (Dkt. # 6.)  In a separate order, the court granted Plaintiff's Motion for Default Judgment Against Macedonian Enterprises, Inc. (Dkt. # 11), awarding Plaintiff damages in the amount of

---

[1]Plaintiff's Motion for Summary Judgment refers to both the "Trout v. Saul Alvarez Program . . . displayed on April 20, 2013" and the "Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program on May 5, 2012" as the "Program." (Dkt. # 12, Pg. ID 13-36.)  Based on other filings on the docket and the relevant dates of the alleged conduct, it appears that the reference to the May 5, 2012 was a clerical error.  The court construes the Motion for Summary Judgment as concerning the April 20, 2013 program exclusively.

$3,600 and attorneys' fees and costs in the amount of $3,143.70.  Now before the court is Plaintiff's Motion for Summary Judgment as to James D. Brown. (Dkt. # 12.)  This matter may be resolved on the briefing, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).   For the reasons stated below, Plaintiff's motion will be granted.

## I. BACKGROUND

It is undisputed that Plaintiff was granted the exclusive nationwide television distribution rights to the Program and that Defendants own and operate a bar.   (Dkt. # 1, Pg. ID 3.)  Likewise, it is undisputed that Defendants did not purchase the Program, and that  the Program would have cost Defendants $1,200 to purchase legally.  (Dkt. # 12-8, Pg. ID 184.)  Plaintiff alleges that, on the evening of April 20, 2013, Defendants' bar unlawfully displayed the Program for the entertainment and enjoyment of Defendants' patrons.  (Dkt. # 12, Pg. ID 137.)  Plaintiff submitted videos and photographs which were taken by an investigator hired by Plaintiff and appear to show Defendants' bar displaying the Program on the evening of April 20, 2013. (*See* Dkt. # 12-7.)  Plaintiff's investigator also reported that she observed five televisions airing the Program and as many as 37 patrons in Defendants' bar on the evening of April 20, 2013.  (Dkt. # 12-2, Pg. ID 158-59.)

Brown did not respond to Plaintiff's Motion for Summary Judgment; however, he filed a response to Plaintiff's complaint, which the court construed as an answer to the complaint. (Dkt. ## 6, 8.)  In the response, Brown suggests that his establishment did not display the Program and concedes that, "[o]n no occasion did we special order a 'fight night' type of event."  (Dkt. # 6, Pg. ID 19.)  He has presented no evidence supporting his conclusory statement that his bar did not display the Program or

2

discrediting the videographic and photographic evidence provided by Plaintiff.

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court

must view the evidence in the light most favorable to the non-moving party, drawing all

reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497

(6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine

dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[T]hat burden may be discharged by showing . . . that there is an absence of evidence

to support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810,

817 (6th Cir. 2005) (internal quotation marks omitted).

The burden then shifts to the nonmovant, who must put forth enough evidence to

show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909

(6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the

evidence presents a sufficient disagreement to require submission to a jury." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III. DISCUSSION

Plaintiff asserts that Defendants unlawfully intercepted and displayed the

Program in violation of 47 U.S.C. § 553, 47 U.S.C. § 605, and common law conversion,

and that Brown should be held liable in his individual capacity because he had a right

and ability to supervise the violation. *See J & J Sprots Prods., Inc. v. Ribeiro*, 562 F.

Supp. 2d 498 (S.D.N.Y. 2008); *Joe Hand Prods, Inc. v. Cain*, No. 06-12213, 2006 WL

2466266, at *2 (E.D. Mich. Aug. 26, 2006).  The court finds Plaintiff's Motion for Summary Judgment to be well-supported in fact and law, and Brown has failed to file a response disputing the motion's assertions and the videographic and photographic evidence depicting Defendants' unlawful displaying of the Program.  Because there is no evidence contradicting Plaintiff's motion, the court finds that, even viewing the record in the light most favorable to Brown, Brown is liable, in his individual capacity, for unlawfully displaying the Program.

Whereas § 553 provides that "no person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator," § 605 "applies to satellite transmissions and provides in relevant part that a person who receives, transmits, or assists in transmitting any communication by wire or radio may not divulge or publish that communication."  *J&J Sports Prods., Inc. v. Matti*, No. 13-13963, 2015 WL 143932, at *2 (E.D. Mich. Jan. 12, 2015) (quoting 47 U.S.C. § 553(a)(1)).  It is unclear from the record whether Brown intercepted and displayed the program through the use of a cable system or satellite transmissions.  In cases asserting claims under both § 553 and § 605 where the defendant defaults, courts have found the defendant liable under both statutes, but have permitted the plaintiff to recover under only one of the statutes.  *E.g.*, *J&J Sports Prods., Inc. v. Stanley*, No. 12-14093, 2014 WL 2763635, at *3 (E.D. Mich. June 18, 2014).  Although the instant motion is for summary judgment rather than default judgment, it shares many similarities with a default judgment motion because Brown presented no evidence to the court nor offered any argument beyond a conclusory assertion on his initial response that he did not display the Program—an

4

assertion contradicted by videographic and photographic evidence.  The court views the default judgment cases as instructive and concludes that, under the circumstances, it is appropriate to judge Brown liable under both § 553 and § 605, while only permitting recovery under one of the statutes.  *Cf.  J & J Sports Prods., Inc. v. Matti*, No. 13-13963, 2015 WL 143932 (E.D. Mich. Jan. 29, 2015); *Joe Hand Promotions, Inc. v. Granada Lounge, Inc.*, No. 11-13062, 2012 WL 447272 (E.D. Mich. Feb. 13, 2012); *J & J Prods., Inc. v. Trier*, 2009 U.S. Dist. LEXIS 6415 (E.D. Mich. Jan. 29, 2009).

For each violation of § 605(a), Plaintiff may receive statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II).  "In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation . . . ."  47 U.S.C.          § 605(e)(3)(C)(ii).  Meanwhile, under § 553(a), Plaintiff "may recover an award of statutory damages for all violations . . . in a sum of not less than $250 or more than $10,000.  47 U.S.C. § 553(a)(3)(A)(ii).  Likewise, "In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages        . . . by an amount of not more than $50,000."  47 U.S.C. § 553(a)(3)(B).

At a May 21, 2015 hearing on Plaintiff's Motion for Entry of Default Judgment Against Macedonian Enterprises, Plaintiff requested a damages award under § 605 against Macedonian Enterprises in the amount of $3,600, noting that this was Defendants' first violation.  In a separate order, the court granted Plaintiff's request for a

5

judgment against Macedonian Enterprises in the amount of $3,600.  That amount falls within the range of permissible statutory damages awards under both § 553 and § 605. In calculating an appropriate statutory damages award, the court "should take into account the proportionality between the loss suffered by the plaintiff and the profit gained by the defendant."  *J & J Sports Prods., Inc. v. Matti*, No. 13-13963, 2015 WL 143932 (E.D. Mich. Jan. 29, 2015) (citation omitted).

Taking into consideration both of those factors, the court finds a damages award of $3,600 against Brown to be proper for the same reasons the court adjudged a $3,600 award against Macedonian Enterprises.  Namely, were Defendants to have purchased the Program lawfully, it would have cost $1,200.  (Dkt. # 12-8, Pg. ID 184.)  Plaintiff's investigator reported that she observed five televisions airing the Program and as many as 37 patrons in Defendants' bar on the evening of April 20, 2013.  (Dkt. # 12-2, Pg. ID 158-59.)  Given that Defendants' bar was a business establishment, the court infers that the purpose of displaying the Program was to increase the population in the bar and, therefore, increase sales and profit. The requested $3,600 damages award is three times as much as the Program would have cost.  In light of Plaintiff's lost profits, the additional efforts Plaintiff had to take in light of Brown's violation of § 605 and § 553, Brown's potential financial gain from unlawfully displaying the Program, and Brown's apparently willful violation, the court concludes that such an award is proper and proportional.

Additionally, 47 U.S.C. § 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  Section 553(c)(2)(C) grants the court discretion to "direct the

6

recovery of full costs, including awarding reasonable attorneys' fees to an aggreived

party who prevails."  Plaintiff requests attorneys' fees and costs in the amount of

$3,143.70 and has submitted an itemized invoice of the fees and costs. (Dkt. # 12-10,

Pg. ID 190-93.)  Whether under § 553 or § 605, the court finds that the requested fees

and costs to be proper.

        For the reasons stated above,

        IT IS ORDERED that Plaintiff's Motion for Summary Judgment as to James D.

Brown (Dkt. # 12) is GRANTED.

        IT IS FURTHER ORDERED that Plaintiff shall be awarded damages in the

amount of $3,600 and attorneys' fees and costs in the amount of $3,143.70.

                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 12, 2015, by electronic and/or ordinary mail.

                                    s/Lisa G. Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522